UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

JOHN R. DEMARAIS,                                              Case No. 05-13147

                        Debtor.
_____

JOHN R. DEMARAIS,
                        Plaintiff,

          v.                                                                      Adv. Pro. No. 07-90223

DARLENE KINIRY,
                        Defendant.
_____

APPEARANCES:

Gaspar & Smith, PLLC                                    Yuri J. Gaspar, Esq.
*Attorneys for Plaintiff/Debtor*
2284 Saranac Avenue
Lake Placid, NY 12946

Frank G. Zappala, Esq.
*Attorney for Defendant*
142 Margaret Street
POB 2886
Plattsburgh, NY 12901

Andrea E. Celli, Esq.
*Chapter 13 Standing Trustee*
350 Northern Blvd.
Albany, NY 12204

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

       The current matter before the court is a motion for summary judgment by John R. Demarais ("Plaintiff" or "Debtor"). Opposition has been filed by Darlene Kiniry ("Defendant" or "Creditor").

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(K), and 1334.

**FACTS**

The pertinent facts are not in dispute and are set out in Plaintiff's Statement of Material Facts dated February 13, 2008. (No. 8.) In summary:

1. The Plaintiff purchased certain real property from his grandparents, Homer and Beatrice Bosley ("Plaintiff's Grandparents"). The Contract for Purchase of Sale of Real Estate (Statement of Material Facts Ex. B; hereinafter "Contract"), dated April 20, 1999, provides in relevant part:

> The Purchase Price . . . shall be payable as follows:
>   . . . .
> $73,000.00 by Purchaser giving to Seller a purchase money mortgage with payment of $400/month, at no interest, until paid or the last of sellers dies in which case it is forgiven
>   . . . .
> (Contract at 1.)

2. On May 19, 1999, the Plaintiff, his non-filing spouse, and Plaintiff's Grandparents executed a note and mortgage (Statement of Material Facts Ex. C; hereinafter "Note") that provides in relevant part:

> Mortgagor promises to pay to Mortgagee or order the sum of Seventy Three Thousand and 00/100 dollars ($73,000.00) with interest at the rate of 0.00 % per year from the date above until the debt is paid in full. Mortgagor will pay the debt as follows: Monthly installments of $400.00 commencing on June 1, 1999 and continuing monthly thereafter on the 1st day of each and every ensuing month until the 1st day of September 2014, at which time any unpaid balance of principal, together with any additional sums due under the mortgage securing this loan shall be due and payable, except that if both mortgagors [sic] die before September 1, 2014, then the amount of unpaid balance due at the date of death of the last of the mortgagors [sic] to die shall be and is forgiven and no balance shall be due and payable to the mortgagors [sic] heirs or assigns or estate.

(Note at 2.)

3. On January 9, 2001, the Plaintiff, his non-filing spouse, and Plaintiff's Grandparents executed a modification agreement (Statement of Material Facts Ex. D; hereinafter "Modification") that states in relevant part:

2

> WHEREAS, the Mortgagors[1] represent and warrant that they have already made, executed and delivered to the Mortgagees a certain mortgage note for the sum of Seventy-Three Thousand Dollars ($73,000), dated May 19, 1999, and payable to the order of the Mortgagees in 180 consecutive monthly payments with the final installment of principal and interest being due and payable on September 1, 2014; and
>
> . . . .
>
> WHEREAS, the Mortgagors desire to have the terms for the payment of the mortgage note modified from December 1, 2000 as provided below;
>
> NOW, THEREFORE, it is mutually agreed as follows:
>
> > (1) That the Mortgagors agree to increase the monthly mortgage payment from Four Hundred Dollars ($400.00) to Five Hundred Dollars ($500.00) and to maintain this level of payment over the full remaining number of months of the mortgage note and mortgage (as of December 1, 2000 there are 162 remaining monthly payments due).
> >
> > (2) In all other respects, the original mortgage note and mortgage are hereby ratified and continued in full legal force and effect.

(Modification at 1-2.)

4. The Note at issue has been assigned twice: on May 30, 2001, from Homer A. Bosley and Beatrice Bosley to Beatrice Bosley, and on April 4, 2003, from Beatrice Bosley to the Defendant.

5. On September 16, 2004, the Honorable James P. Dawson issued a decision confirming the foreclosure referee's report of the amount due under the Note. (Statement of Material Facts Ex. H; hereinafter "Judge Dawson's Decision.")  Familiarity with that decision is assumed.[2]

6.  On March 3, 2005, the Plaintiff, the Plaintiff's non-filing spouse, and the Defendant executed a Stipulation and Agreement, which was filed with the state court on March 7, 2006, endeavoring to settle the Defendant's pending foreclosure action as well as Plaintiff's motion to reargue Judge Dawson's Decision.  (Statement of Material Facts Ex. J; hereinafter "Stipulation.")

---

[1]The boilerplate of the mortgage uses the singular "Mortgagor," although executed by the Debtor and his non-filing spouse, Sannamari M. Demarais.  The Modification uses the plural "Mortgagors."

[2]*Kiniry v. Demarais, et al.*, No. 03-0661 (N.Y. Sup. Ct. Clinton Co. Sept. 16, 2004).

The Stipulation states that the Plaintiff would withdraw the motion to reargue while the Defendant would not further prosecute the foreclosure action unless and until the Plaintiff defaulted under the Stipulation. The Stipulation also required the Plaintiff to tender a total of $64,100 by April 4, 2005, at which point the Defendant would discontinue the foreclosure.[3] If the Plaintiff did not tender the $64,100, the parties agreed that the total due and owing on the mortgage would be $66,300 plus attorney fees and the Defendant would be allowed to continue the foreclosure.

7. The last of the original mortgagees, Beatrice Bosley, died on October 20, 2007.

8. The Plaintiff filed this adversary proceeding seeking a judgment declaring the mortgage at issue satisfied, vacating the judgment of foreclosure, and disallowing the Defendant's proof of claim.

9. The Defendant answered the adversary complaint claiming that she lacked knowledge or information sufficient to form a belief with regard to the material aspects of the complaint. She also asserts three affirmative defenses: (1) the Contract was extinguished by the Note, (2) the debt forgiveness provision in the Note was eliminated by the Modification, and (3) the Plaintiff is bound by Judge Dawson's Decision that the Modification supercedes the Note.

## ARGUMENTS

The Plaintiff asserts that the Defendant acquired whatever interest the assignee, Mrs. Bosley, received, no more and no less. Plaintiff argues, in effect, that the Defendant had the right to be paid pursuant to the terms of the Note, as modified, up until the time of Mrs. Bosley's death, at which point any remaining debt was to be forgiven. Furthermore, it is the Plaintiff's position that the

---

[3] Presumably, had the Plaintiff tendered the $64,100, he could have expected not only a discontinuance of the foreclosure, but also a satisfaction of the mortgage itself.

Modification did not eliminate the debt forgiveness provision; if the parties had intended that result, specific language would have been inserted to accomplish it. Instead, Plaintiff maintains that the parties agreed in the Modification that, other than the $100 increase in the monthly payment amount, "in all other respects, the original mortgage note and mortgage has been ratified and continued in full legal force." (Modification at 2, ¶ 2.)

The Defendant argues that the Modification, Stipulation and/or Judge Dawson's Decision combine to render the debt forgiveness provision a nullity. Defendant asserts further that the Modification and Stipulation "contain the specific understanding of the amount owed by the Plaintiff to the Defendant." (Mem. of Law in Opp'n to Mot. Summ. J., unnumbered 2.)

## DISCUSSION

The sole issue before the court is one of contractual interpretation: did the Modification, Stipulation and/or Judge Dawson's Decision affect the debt forgiveness provision contained in the Note? The Defendant asserts three affirmative defenses as to why this forgiveness of debt is no longer viable. The merits of each of Defendant's defenses are addressed in turn below.

### *1. The Contract of Sale Was Extinguished by the Note.*

Whether the Contract has been superceded or not is seemingly of little concern for, as indicated above, the Note has a "forgiveness on death" provision as well. No one has advanced any argument that there is any impediment to that provision as originally drafted in the Note.

### *2. The Debt Forgiveness Provision Was Eliminated by the Modification.*

This is the heart of the Defendant's case. The Modification itself is not a model of clarity and precision. Many of the problems[4] are not germane to the issue *sub judice*, however, two are.

---

[4] E.g., the Modification sets a 180th and final installment date of September 1, 2014. That would translate to an initial payment date of October 1, 1999. However, the Note's start date is June 1, 1999,

**A.** The third preamble "whereas" paragraph sets forth the primary terms of the Note. Although the accuracy of the numbers is less than perfect,[5] there is one glaring omission. The debt forgiveness provision, which is clearly a de facto feature of the Note, is not even addressed. It is thus unclear whether the Plaintiff, his non-filing spouse, and Plaintiff's Grandparents assumed that by omitting it, the provision would somehow just go away *sub silentio* or, more likely, it was not mentioned because no one intended to change it. The Modification specifically states that the only revision contemplated is to the terms for the payment of the Note. That was accomplished by increasing the monthly payment from $400 per month to $500 per month for the remaining life of the mortgage. However, the debt forgiveness provision of the Note is not as much a repayment specification as it is a measuring stick on the life of the mortgage itself. If the parties intended to rescind that provision of the Note, it should have been specifically deleted on its own and not lumped awkwardly into a modification of the payment terms. It is also important to remember that the current Defendant, who obviously needs to disavow the debt forgiveness provision, is not an original party to the Modification. The Plaintiff's Grandparents are signatories and, other than vague references to a "dispute," there is no indication that Mr. and Mrs. Bosley wanted anything more than to maximize their cash flow during their lifetimes while still accommodating their grandson and his wife with the forgiveness provision.

**B.** As a further indication that the intent behind the Modification was not to disrupt the

---

with a 184 month term ending on September 1, 2014. Also, the Note specifically provides for no interest while the Modification references a final installment of "principal and interest" and a mortgage note "with interest as provided." (Modification at 1.)

[5] *See supra* note 4.

forgiveness aspect of the Note, the last preamble "whereas" paragraph specifically states that it is the desire of the Demaraises, as opposed to the Bosleys, to "have the terms for the payment of the mortgage note modified. . . ." (Modification at 1.) There would have been no logical reason for the Plaintiff and his wife, in modifying their monthly payment, to even contemplate the rescission of the debt forgiveness provision. It certainly would not have been in their interest to do so. A strict reading of the Modification indicates the Bosleys had not even requested it.

### *3. Plaintiff Is Bound by Judge Dawson's Decision that the Modification Superceded the Note.*

All parties, including the court, are bound by Judge Dawson's Decision confirming the report of the referee. That report, however, merely determined the amount due on the mortgage, i.e., $66,300. It is simply a mathematical snapshot of the payoff of the Note at a given time. The referee would have had no reason or basis to even contemplate the forgiveness provision for it simply was not ripe — Mrs. Bosley was still alive. At that time, the mortgage was viable and subject to foreclosure and, prior to a foreclosure sale, the state court process required Judge Dawson's blessing on the amount due. The referee calculated the payoff amount, and Judge Dawson agreed. Judge Dawson's finding that the Modification "provides that the $500 payment is to be made 'over the full remaining number of months of the mortgage note and mortgage,'" simply factors into his analysis as to why the referee's report should be confirmed. *Kiniry v. Demarais, et al.*, No. 03-0661, slip op. at 4. As with the referee's report, Judge Dawson's decision is about payoff numbers and not the hypothetical early termination of the mortgage based on Mrs. Bosley not outliving the last payment date of September 2014.

Additionally, the Defendant argues in her Response to Motion for Summary Judgment and

her Memorandum of Law in Opposition to Motion for Summary Judgment that the Stipulation supports her position that the forgiveness provision has been rendered a nullity. The court disagrees. The Stipulation merely reflects the agreement of the Plaintiff, the Plaintiff's wife, and the Defendant on the payoff amount, which was the subject of Judge Dawson's decision, and provides the Plaintiff and his wife a financial incentive to pay off the Note early. Nowhere within the four corners of the Stipulation, however, is there any indication that elimination of the debt forgiveness provision of the Note was ever contemplated.

For the reasons stated above, the Plaintiff's motion for summary judgment is granted and the Note is deemed to have been satisfied by the death of Mrs. Bosley. Defendant shall execute a satisfaction of mortgage and deliver the same to Plaintiff's attorney within fourteen days of entry of this memorandum-decision and order.[6] As the Plaintiff's underlying debt per the terms of the Note has been forgiven by the death of Mrs. Bosley, the Plaintiff's request to disallow Defendant's claims is also granted.

It is so ORDERED.

Dated: August 7, 2008　　　　　　　　　　　　　　　/s/ Robert E. Littlefield, Jr.
Albany, New York　　　　　　　　　　　　　　　　―――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Robert E. Littlefield, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

[6]Plaintiff sought a declaration vacating Judge Dawson's Judgment of Foreclosure and Sale, however, such relief would be inappropriate under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).